UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MIGUEL MARTIN PENA-RAMIREZ,
Petitioner,
v.
DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,
Respondents.

Case No. 5:26-cv-06349-KES

ORDER GRANTING THE PETITION IN PART AND ORDERING RESPONDENTS TO PROVIDE PETITIONER WITH A BOND HEARING WITHIN 30 DAYS

## I. INTRODUCTION

Miguel Martin Pena-Ramirez ("Petitioner") filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition" at Dkt. 1), challenging his detention by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). Respondents answered the Petition ("Answer" at Dkt. 15). The parties have consented to the jurisdiction of the Magistrate Judge. (Dkt. 17.) For the reasons discussed below, the Petition is granted in part and

denied in part, and Respondents are ordered to provide Petitioner with a bond hearing in immigration court within 30 days.

## II. FACTUAL AND PROCEDURAL HISTORY

### A. Entry into the U.S. and Criminal Conviction (2011-2023).

Petitioner was born in Mexico and entered the US in the 1990s. (Pet. at 9.) He later married a U.S. citizen and became a lawful permanent resident in 2001. (Pet. at 9; Answer Ex. A / Dkt. 15-1 at 4 (DHS Form I-213).) They have three children who are U.S. citizens and are now in their 20s. (Pet. at 9.) Petitioner's wife has been diagnosed with schizophrenia and "social phobia," and he has supported her mentally, emotionally, and economically. (Pet. at 22; see also id. at 34 (letter from Petitioner's wife); id. at 39 (letter from one of Petitioner's health care providers).) Petitioner worked in the construction industry, specializing in tile floors. (Pet. at 10, 14, 17.)

In August 2023, the U.S. District Court for the Northern District of Texas sentenced Petitioner to 60 months (5 years) in prison after he pled guilty conspiracy to distribute and possess with intent to distribute cocaine under 18 U.S.C. § 371. (Answer Ex. A / Dkt. 15-1 at 4 (DHS Form I-213); Answer Ex. B / Dkt. 15-1 at 7-11 (judgment in case no. CR-22-132-Z-BR-1).)[1]

Petitioner served at least the latter part of his sentence at the Federal Correctional Complex ("FCC") in Lompoc, CA. (Answer Ex. A / Dkt. 15-1 at 3 (DHS Form I-213).) ICE learned of his conviction and lodged a detainer with the Federal Bureau of Prisons. (Answer Ex. A / Dkt. 15-1 at 3 (DHS Form I-213).)

On March 25, 2026, officers from the Criminal Alien Program interviewed

---

[1] Petitioner alleges that the drugs were found in a car he borrowed from a friend and that he was unaware of the drugs. (Pet. at 10-15, 20-21.) He admits he pled guilty to the charge but alleges that he did so to protect his friend. (Id.) Aside from this conviction, Petitioner appears to have no other criminal history. (Answer Ex. A / Dkt. 15-1 at 3-5 (DHS Form I-213).)

Petitioner at FCC Lompoc. (Answer Ex. A / Dkt. 15-1 at 3 (DHS Form I-213).) Petitioner "admitted he is a citizen and national of Mexico by virtue of birth and is a lawful permanent resident" of the U.S. (Answer Ex. A / Dkt. 15-1 at 3 (DHS Form I-213).)

**B. Current ICE Detention (April 22, 2026).**

After serving his criminal sentence, Petitioner was taken into ICE custody on April 22, 2026. (Answer at 2.) He was served with a notice to appear ("NTA") alleging that due to his criminal conviction, he is removable under §§ 237(a)(2)(A)(ii) and/or 237(a)(2)(B)(i) the Immigration and Nationality Act ("INA"). (Answer Ex. D / Dkt. 15-1 at 17-20 (the NTA with certificate of service).) He was also served with a Form I-200, administrative arrest warrant (Answer Ex. C / Dkt. 15-1 at 15) and a Form I-286, notice of custody determination (id. at 22). Petitioner requested review of that custody determination by an immigration judge ("IJ"). (Id.) However, as discussed below, he has never had a bond hearing.

**C. Removal Order and Appeal (June-July 2026).**

About two months after his detention began, on June 11, 2026, an IJ ordered Petitioner removed to the U.S. (Answer Ex. F / Dkt. 15-1 at 24-25 (removal order).) On July 2, 2026, Petitioner appealed the removal order to the Board of Immigration Appeals ("BIA"). (Answer Ex. G / Dkt. 15-1 at 27 (filing receipt for appeal).)

**D. Scheduled Bond Hearing (November 2, 2026).**

On October 29, 2026, Petitioner was personally served with a notice indicating that a custody redetermination hearing would take place in immigration court on November 2, 2026. (Answer Ex. H / Dkt. 16.) According to the notice, Petitioner was pro se and not represented by an immigration attorney. (Id.) On November 2, 2026, the IJ issued an order stating, "Bond redetermination request withdrawn by [Petitioner] without prejudice." (Answer Ex. I / Dkt. 15-1 at 33-34.)

Petitioner remains in ICE custody in Adelanto, California. See ICE Detainee Locator, https://locator.ice.gov/odls/ (A# 047-777-769 (Mexico)). He has now been in ICE custody for approximately 7 months.

**E. Habeas Proceedings.**

Petitioner filed the instant, pro se Petition on October 23, 2026. (Dkt. 1.) Petitioner seeks release from ICE custody, alleging, "I have been suffering tremendous hardship and harm in the form of deprivation [of] liberty and I am [being held] in violation of the Due Process Clause and prolonged time detained [sic]." (Id. at 7.) He alleges, "I do fear for my life if I am somehow returned back to Mexico because I will … have to face those criminal groups on the supposed allegation that I turned in or snitch[ed] [on] the supposed people who got arrested on the initial drug charge because I cooperated with the law." (Id. at 14-15; see also id. at 21 (alleging his sentence was reduced because he cooperated with the authorities).)

On November 13, 2026, Respondents answered the Petition. (Dkt. 15.) They argue that Petitioner is properly detained under 8 U.S.C. § 1226(a). (Id. at 5.) However, they also assert that he "is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(B) for having committed an offense that constitutes an aggravated felony identified in 8 U.S.C. § 1227(a)(2)(A)(iii) as well as a controlled substance offense under 8 U.S.C. § 1227(a)(2)(B)(i)." (Id. at 6.)

They argue that he has "received due process" because he "was scheduled for a Rodriguez bond hearing on November 2, 2026, but he withdrew such request and does not allege that he ever thereafter sought such a hearing." (Id. at 6.) They argue, "[T]he Petition should be denied because prudential exhaustion to the BIA is required." (Id. at 8.)

Petitioner moved for appointment of counsel, and the Court referred the case to the Federal Public Defender ("FPD") to consider representing Petitioner. (Dkt. 10, 13.) On November 3, 2026, the FPD declined to appear. (Dkt. 14.)

Petitioner's deadline to file a Reply passed on November 17, 2026 (Dkt. 7), and he did not file one.

## III. DISCUSSION

Liberally construing the pro se Petition, it appears to raise two arguments: (a) that Petitioner has a claim for asylum or withholding of removal to Mexico based on his fear of retaliation from Mexican drug cartels; and (b) that Petitioner's detention violates his due process rights because it has become prolonged.

### A. Fear of Returning to Mexico.

Regarding the first claim, Petitioner does not explain whether he raised these arguments during his removal proceedings before the IJ or on appeal to the BIA. On the current record, it is unclear whether the IJ rejected these arguments or whether Petitioner failed to raise them, and if the latter, why he failed to raise them. On such a sparse factual record, the Court cannot say that Petitioner's rights have been violated with regard to this claim.

### B. Prolonged Detention.

#### 1. Legal Standard.

Prior to 2018, the Ninth Circuit applied the canon of constitutional avoidance to hold that periodic bond hearings are required for noncitizens in prolonged detention under § 1226(c). See Rodriguez v. Robbins, 804 F.3d 1060, 1078-79 (9th Cir. 2015); Tijani v. Willis, 430 F.3d 1241, 1242 (9th Cir. 2005). The Supreme Court disagreed, finding this to be an "utterly implausible interpretation of the statutory language…." Jennings v. Rodriguez, 583 U.S. 281, 312 (2018). However, the Supreme Court "did not reach the alleged unconstitutionality of immigration detention absent the procedural requirements [the Ninth Circuit] had read into the statute, and instead remanded for consideration of the constitutional question in the first instance." Rodriguez Diaz, 53 F.4th at 1200.

Since the Rodriguez remand, there has been 'a dearth of guidance regarding

the point at which an individual's continued mandatory detention under Section 1226(c) becomes unconstitutional.' … [T]he Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c)…." Lopez v. Garland, 631 F. Supp. 3d 870, 876 (E.D. Cal. 2022). "[T]he First and Third Circuits have found that 'the Due Process Clause imposes some form of 'reasonableness' limitation upon the duration of detention ... under [section 1226(c)].'" Id. (citing Reid v. Donelan, 17 F.4th 1, 7 (1st Cir. 2021) and German Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203, 209-10 (3d Cir. 2020)).

"Additionally, 'essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process.''" Lopez, 631 F. Supp. 3d at 877. Some courts impose a brightline six-months rule, while others "analyze[] … the individual circumstances of a particular case," considering factors like the length of the detention, the reason for delays, and the likelihood that the removal proceedings will result in a final order of removal. Lopez, 631 F. Supp. 3d at 877-78; see, e.g., Solorzano-Ramirez v. Warden, California City Det. Facility, No. 26-cv-2540, 2026 WL 1257256, at *4, 2026 U.S. Dist. LEXIS 101576, at *9 (E.D. Cal. May 7, 2026) ("Because petitioner has been detained for a little over two months, this Court finds that petitioner does not yet have a protected liberty interest in freedom from detention. Courts finding protected liberty interests in freedom from detention have based their findings on detention longer than two months.").

**2. Analysis.**

Respondents concede that, because Petitioner has been in ICE custody for more than six months, he is entitled to receive a bond hearing at which DHS bears the burden of proving he is a danger to the community or flight risk. (Answer at 6-

7.)[2] Although the record does not reveal why the hearing scheduled for November 2nd was cancelled, it also reveals that Petitioner was only given three days' notice of the hearing. (Answer Ex. H / Dkt. 16.) That is insufficient time for a pro se detainee to investigate the relevant facts, obtain evidence, and explore hiring immigration counsel. Respondents also do not explain how, if at all, the pro se Petitioner may ask for the bond hearing to be rescheduled.

Accordingly, the Court will grant the limited injunctive relief set forth below to ensure that Petitioner's due process rights are protected and that his detention continues to serve a legitimate, nonpunitive purpose. See generally Zadvydas v. Davis, 533 U.S. 678 (2001) (noting that because immigration is civil, not criminal, it must be nonpunitive and serve a legitimate purpose, i.e., "ensuring the appearance of aliens at future immigration proceedings" or "preventing danger to the community").

## IV. CONCLUSION

IT IS THEREFORE ORDERED that:

1. The Petition is granted in part and denied in part.
2. Respondents are enjoined from continuing to detain Miguel Martin Pena-Ramirez (A# 047-777-769) unless, **within 30 days** of the date of this order, he is provided with an individualized bond hearing before an immigration judge at which DHS bears the burden of demonstrating by clear and convincing evidence that Petitioner is a flight risk or danger to the community.
3. Petitioner shall be provided **with at least 14 days' notice** of the date and time of this hearing.

[2] Because they previously scheduled the bond hearing, they apparently concede this is appropriate even if Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c).

4. **Within 45 days** of the date of this order, Respondents shall file a status report confirming that the hearing has taken place and reporting the outcome of the hearing.

DATED: November 18, 2026

Karen E. Scott

KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE